# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE S. DAGOSTINI**
        **Petitioner,**

    v.                                **Case No. 06-C-1246**
                                          **(Criminal Case No. 04-CR-146)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Lee Dagostini filed a motion under 28 U.S.C. § 2255, alleging that his trial counsel provided ineffective assistance. I disagreed and denied the motion. Petitioner has now filed a notice of appeal and request for a certificate of appealability ("COA").

### I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

## II.  DISCUSSION

Petitioner argued that his lawyer provided an inaccurate prediction of his sentence, thereby inducing him to waive his right to trial and plead guilty.  However, as I explained in detail in my order denying the motion, petitioner failed to present any reliable and authenticated evidence that counsel failed to make a good-faith effort to determine the facts and estimate the sentence based on the available information.  Further, as I also explained in my order, petitioner failed to present any evidence, not even an affidavit from himself, demonstrating that but for counsel's advice there is a reasonable probability that he would have gone to trial.  Thus, his claim failed.  See Bethel v. United States, 458 F.3d 711, 716 (7th Cir. 2006) (holding that § 2255 petitioner must show that counsel's performance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors, he would not have pled guilty).  Petitioner provides no basis for debating either of these determinations in his COA application.

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA (R. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

2

Case 2:06-cv-01246-LA   Filed 01/10/07   Page 2 of 2   Document 8